**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**CASSIDY WILLIAMSON**          **PLAINTIFF**

**VERSUS**          **CAUSE NO.** 4:25-cv-103-MPM-DAS

**CITY OF GRENADA, MISSISSIPPI**          **DEFENDANT**

         **JURY TRIAL DEMANDED**

---

## COMPLAINT

---

This is an action to recover actual damages for race discrimination and for retaliation. The following facts support the action:

### 1.

Plaintiff CASSIDY WILLIAMSON is an adult resident citizen of 811 Sayles Road, Duck Hill, Mississippi 38925. Plaintiff has been employed by the Grenada Police Department as a police officer for fourteen (14) years.

### 2.

Defendant CITY OF GRENADA, MISSISSIPPI, is a political subdivision of the State of Mississippi. At all relevant times it acted under the color of state law. Defendant may be served with process by service upon its mayor, Charles H. Latham, at Grenada City Hall, 108 S. Main Street, Grenada, Mississippi 38901.

### 3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and has civil rights jurisdiction under 28 U.S.C. § 1343 for a cause of action authorized by the discrimination and

opposition provisions of Title VII of the Civil Rights Act of 1964 and by the Reconstruction Era Civil Rights Act, 42 U.S.C. §1981.

4.

Plaintiff is a white male. Ever since the current Chief of Police, George Douglas, who is black, became chief, white officers have been victims of systematic discrimination on grounds of race. It is well known within the Grenada Police Department that Chief Douglas is prejudiced against white persons. Plaintiff has been discriminated against with respect to failing to promote him to the position of Commander and with respect to the failure to give him an opportunity to be promoted to the position of Patrol Captain.

5.

The position of Commander in the Grenada Police Department was created approximately six (6) years ago. The Commander positions were held by Joey Merriman (white), who was assigned as Commander over the Patrol Division, and Kenith Sanders (black), who was assigned as Commander over the Detective Division.

6.

Although the position of Commander was supposed to involve supervising either the patrol officers or the detectives, due to modern technological requirements, the position actually required excellent computer skills. An individual holding the position of Commander was supposed to correct and make certain that the police department's legally-required reports were appropriately and correctly completed. These reports included the NIBRS (National Institute Basic Reporting System) reports and the eForce reporting management systems reports. The proper and correct completion of these reports was indispensable to the proper functioning of the police department. Additionally, a Mississippi statute requires full compliance with NIBRS procedures by the end of 2025.

2

7.

Officer Joey Merriman quit the Grenada Police Department in early 2023, leaving vacant the position of Commander over the Patrol Division. At the time of Merriman's departure, both Merriman and Kenith Sanders were behind on their NIBRS duties. Plaintiff, who has excellent computer skills, volunteered to take on the job duties formerly performed by Merriman and Plaintiff also took over Sanders' job duties insofar as they pertain to NIBRS. Merriman and Sanders were behind with respect to their NIBRS duties, and Plaintiff began to make progress in bringing their work up to date.

8.

Ultimately, Plaintiff performed all of the job duties of a Commander, including issuing duty gear and locating information to obtain grants, and was one (1) of two (2) persons authorized to edit police reports.

9.

Plaintiff's duties with respect to NIBRS and eForce were, in themselves, a full-time job. Nevertheless, because of officer shortage, Plaintiff continued his former duties as a Police Sergeant supervising patrol. Plaintiff currently has approximately twelve (12) years of experience in supervising patrol shifts. Additionally, Plaintiff has often filled in for Patrol Captain positions. Plaintiff was fully qualified for the position of Commander. Furthermore, no one else in the department wants the position of Commander because of the technical, tedious requirements involved in the NIBRS and eForce reporting management systems.

10.

Although Plaintiff has performed the duties of a Commander since 2022, the Chief of Police, because of race, has refused to officially promote Plaintiff to the position. No one else has expressed an interest in the position due to the difficult and complex nature of the work.

3

11.

Plaintiff has been discriminated against with respect to his pay and conditions of employment by not being promoted to Commander despite doing the job duties of the position. Additionally, in August 2024, Plaintiff discussed the position of Administrative Captain with the interim City Manager, Charles Weathers, who supported Plaintiff's promotion. The pay of this position would have been approximately $55,000 per year, close to the pay of a Commander. However, Chief Douglas would not approve Plaintiff's promotion.

12.

In the process of Plaintiff's filing grievances and complaining about not being promoted to Commander, Chief Douglas has claimed Plaintiff lacks "significant supervisory experience." This is a false claim. In any event, however, the former City Manager, Charles Weathers, explained to Chief Douglas that if he had any issue with Plaintiff's qualifications with respect to supervision, he should simply create a third Commander's position and give it to Plaintiff. Failure to do so is not in the best interest of the city because it leaves undone substantial and indispensable job duties of a Commander with regards to the NIBRS and eForce reporting management systems.

13.

Plaintiff has filed an EEOC Charge of Discrimination, which is attached to this Complaint as Exhibit "A." After Plaintiff filed his charge, Defendant retaliated against Plaintiff by adding on to his duties. In retaliation for filing the charge, Plaintiff is now required to complete twelve (12) hours of patrol duty in addition to the duties of Commander, which he was already performing but without the pay. Defendant, acting through its Chief of Police, knew that the duties Plaintiff was already performing were a full-time job, and it would be impossible for any person to competently work a full shift as a Patrol Officer while also performing the duties of Commander. Defendant has thus retaliated

4

against Plaintiff by adding on the patrol duties without additional pay.

14.

Additionally, Plaintiff's supervisor, Captain Woodall, who is black, has retaliated against Plaintiff by concocting a false reprimand against Plaintiff and by refusing to approve Plaintiff's leave requests. In March 2025, Woodall gave Plaintiff a written reprimand for failure to obey a direct order. This reprimand was false and made solely in retaliation for Plaintiff's opposition to racial discrimination. Since that reprimand, Captain Woodall has not approved any of Plaintiff's requests for leave.

15.

Plaintiff has suffered mental anxiety and stress and loss of enjoyment of life as a result of not being promoted to Commander and as a result of the retaliation against him by adding the additional duties of patrol officer onto his ordinary job duties. The retaliation against Plaintiff is particularly severe since, although Plaintiff is assigned the duty of being a Supervisor, the city is so short on officers that Plaintiff also has to sometimes work shifts as an ordinary Patrol Officer. Additionally, as Defendant knows, Plaintiff is a travel softball coach, and he alone is required to find a replacement if he is unable to work or take off at any time. This is not required of any other officer and is a result of Plaintiff's having filed an EEOC charge against the Defendant.

16.

Chief Douglas has made admissions of race discrimination by stating he wants an all-black command staff and by claiming blacks should have the command positions because of the way whites previously treated blacks.

17.

Defendant is liable to Plaintiff for damages and for injunctive relief by promoting him to the Commander position, since Defendant has discriminated against Plaintiff in the following ways for which he now sues:

**COUNT 1:** Defendant has discriminated against Plaintiff on the grounds of his race (white) by failing to give him the vacant Commander's position and pay even though Plaintiff is performing the job of Commander. This violates 42 U.S.C. § 2000e-(1)(a) and 42 U.S.C. § 1981.

**COUNT 2:** Defendant has retaliated against Plaintiff because he filed an EEOC charge. This violates 42 U.S.C. § 2000e-(3)(a) and 42 U.S.C. § 1981.

**COUNT 3:** Plaintiff has been required to work shifts as a Patrol Officer in retaliation for filing an EEOC charge. This violates 42 U.S.C. § 2000e-(3)(a) and 42 U.S.C. § 1981.

RESPECTFULLY SUBMITTED, this the 3rd day of July, 2025.

**CASSIDY WILLIAMSON,** Plaintiff

By: */s/ Jim Waide*

Jim Waide, MS Bar No. 6857
Rachel Waide Pierce, MS Bar No. 100420
Yance Falkner, MS Bar No. 106107
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38804-3955
Post Office Box 1357
Tupelo, MS 38802-1357
Telephone: (662) 842-7324
Facsimile: (662) 842-8056
Email: waide@waidelaw.com
jdw@waidelaw.com
rpierce@waidelaw.com
yfalkner@waidelaw.com

ATTORNEYS FOR PLAINTIFF

6

STATE OF MISSISSIPPI

COUNTY OF _Lee_

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named **CASSIDY WILLIAMSON**, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

_____
**CASSIDY WILLIAMSON**

GIVEN under my hand and official seal of office on this the 26th day of June , 2025.

( S E A L )

_____
NOTARY PUBLIC

My Commission Expires: April 4, 2027

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 84834
KIMBERLEY M. SANDERS
Commission Expires
April 4, 2027
LEE COUNTY